UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ED DUWAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:05 CV 391 JM |
| | ) | |
| THE CITY OF EAST CHICAGO, INDIANA; | ) | |
| and GEORGE PABEY, individually and in | ) | |
| his official capacity as the Mayor of the | ) | |
| City of East Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

## O P I N I O N

This matter is before the court on a motion for summary judgment filed by defendants The City of East Chicago, Indiana, and its Mayor, George Pabey, who will be referred to herein simply as "Defendants." Plaintiff Ed Duwar has responded in opposition to the motion, and defendants have filed a reply.[1]

*Overview*

Duwar was an employee of the East Chicago, Indiana, Fire Department for 29 years, including 6 years as the Fire Chief. Following his retirement as a firefighter, he was appointed by then-Mayor Robert Pastrick in 1997 to the position of "Substance Abuse Coordinator," which involved various tasks concerning East Chicago's random

---

[1] The reply was untimely. It was due December 18, 2006, and not filed until January 12, 2007. Duwar has not moved to strike the reply or otherwise object to its untimeliness. For that reason, and because the reply did little more than elaborate on Defendants' original arguments, the reply has not been disallowed.

testing of employees for use of illegal drugs. In that position Duwar reported to East Chicago's personnel officer and its medical director.

Defendant Mayor George Pabey took office on December 28, 2004, after defeating 32-year incumbent Mayor Pastrick in a special primary election ordered by the Indiana Supreme Court, and then winning a special general election. Two days later, on December 30, 2004, the new city controller, Charles Pacurar, fired Duwar. Duwar had openly supported and actively campaigned for incumbent Mayor Pastrick. Duwar brought this action on October 31, 2005, alleging that his termination was on account of his support for Pastrick, thereby violating his right to political association under the first amendment to the United States Constitution and Article 1, Section 9 of the Indiana Constitution; and his right to due process of law under the fourteenth amendment to the United States Constitution.

Defendants have moved for summary judgment. Summary judgment is appropriate—indeed, mandated—when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986). In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party

2

and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). It is well settled that summary judgment under FED. R. CIV. P. 56 should be granted "only where it is perfectly clear that there is no dispute about either the facts of the controversy or the inferences to be drawn from such facts." *Cent. Nat'l Life Ins. Co. v. Fid. & Deposit Co. of Md.*, 626 F.2d 537, 539-540 (7th Cir. 1980) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

*Analysis*[2]

It is beyond dispute that a public employee cannot be fired on the basis of his or her political affiliation unless the nature of the job is such that political loyalty is a valid qualification, for example, such as when the job entails making policy, or being privy to the private and confidential thoughts of a political superior. *Riley v. Blagojevich*, 425 F.3d 357, 359 (7th Cir. 2005). According to Defendants, and accepted by the court for the purpose of analysis, Duwar's *prima facie* case consists of showing there is evidence that he engaged in protected conduct, and that such conduct was a substantial or motivating factor in the decision to terminate his employment. *See Roger Whitmore's Auto. Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 668 (7th Cir. 2005).

---

[2] It is only necessary to address the first amendment claim. In their motion for summary judgment on Duwar's due process claim, Defendants argued that he is an employee at-will without any constitutionally-protected property interest in his position. See *Allen v. Martin*, 460 F.3d 939, 946 (7th Cir. 2006). Duwar has conceded the issue by failing to make any response.

Defendants do not dispute Duwar's contention that he was a ministerial employee and, as such, his political loyalty was not a valid consideration: in other words, that his support for incumbent Mayor Pastrick was constitutionally-protected conduct. Instead, Defendants argue that Duwar cannot establish a *prima facie* case because of a complete absence of evidence on the second element. According to Defendants, Duwar has no evidence whatsoever that his firing was in retaliation for his support of incumbent Mayor Pastrick, and instead the undisputed evidence shows that Duwar was fired as part of a plan to significantly cut East Chicago's payroll. Almost as an afterthought,[3] Defendants argue that even if Duwar has established a prima facie case, he has no evidence to cast doubt on the valid reason for his termination, the need to make budget cuts.

The facts which Defendants claim are undisputed and require a summary judgment in their favor are these. In late 2004, after it became clear that Pabey would be the new mayor, his "transition team," including a retained financial consultant with experience advising other municipal governments, began to assess East Chicago's financial condition. It was their conclusion that the 2005 budget exceeded projected revenues by more than $5 million dollars. The financial consultant recommended that significant cuts be made in city personnel, as the largest expense in the budget was payroll. Pabey instructed Pacurar to determine where cuts in East Chicago's payroll

---

[3] The argument is in one uncaptioned paragraph on page 9 of the memorandum, in section (I) which is captioned "Duwar Cannot Demonstrate a *Prima Facie* Case[.]"

could be made, and Pacurar immediately began doing so at the end of 2004, starting with his own department, the office of the City Controller.

Pacurar was aware that Duwar held the position of "Substance Abuse Coordinator." In reviewing the budget for his own department, Pacurar discovered a position for "personnel assistant" at an annual salary of $43,447.82, and learned that this was the position held by Duwar. As a cost-cutting measure for the payroll of his department, and because he believed that any substance abuse duties should be performed by employees of East Chicago's Health Department, Pacurar decided on December 29, 2004, to eliminate the position and terminate Duwar. According to Pacurar, he made the decision himself without soliciting input or approval from Mayor Pabey or anyone else. Defendants argue that Duwar has no evidence to the contrary, which he admitted in his deposition when he answered "no" when he was asked whether anyone had ever told him that he was "terminated because of your support of Mayor Pastrick." Deposition of Edwin Duwar, Ex. 3, Plaintiff's Appendix of Evidentiary Materials (DE # 32) at 65-66 (hereinafter, "Dumar Dep. at xx").

In response, Duwar argues that the timing of his termination, two days after Pabey took office, and therefore before Pacurar could undertake any review of the duties performed by Duwar to determine whether they were necessary, or whether those duties could, or would be, performed by employees within the city's health department, is itself suspicious. Moreover, Duwar argues that he does have direct evidence that his firing was politically-motivated. Although he admitted in his

5

deposition that no one had ever directly stated that he was being fired for supporting Pastrick, he also testified in his deposition that when, on December 30, 2004, Pacurar told him, "I have to let you go," he asked Pacurar, "[w]ho told you this?" Pacurar responded, "[t]he Mayor told me this and I have to do what the Mayor says," Dumar Dep. at 69-70, and that the "Mayor told him to do it." Dumar Dep. at 71. Duwar's argument is that the fact that his termination was carried out on orders from Pabey, coupled with the suspicion created by both the timing of the termination and the inconsistency with Pacurar's claim to have made the decision himself without input from anyone else, creates a question of fact that would allow a jury to conclude that his termination was politically motivated.

Defendants' reply, in a nutshell, is that any dispute as to whether Pacurar, or Pabey, made the ultimate decision to terminate Duwar is "immaterial" because Pacurar also testified that "Mayor Pabey told him that budget cuts needed to be made and that he expected Pacurar to tell him where the cuts needed to be made." Defendants' Reply Brief in Support of Their Motion for Summary Judgment (DE # 33) at 4 (hereinafter, "Reply at xx").

> It does not matter that Duwar and Pacurar may have slightly different recollections of their brief conversation nearly two years ago. Even if Duwar's recollection were correct, it does not amount to evidence that his political support for former Mayor Pastrick was a substantial or motivating factor in the decision to terminate him.

Id. Thus, Defendants continue to maintain that they are entitled to summary judgment because Duwar lacks any evidence to establish a *prima facie* case.

6

The court disagrees with this assessment. Viewed in the light most favorable to Duwar, a finder of fact could infer from Pacurar's alleged statement that the Mayor "told him to do it" not that Pabey was simply agreeing with Pacurar's budgetary recommendation, but instead that Pabey was instructing Pacurar to terminate Duwar. Given that there is undisputed evidence that Pabey knew that Duwar had supported his opponent,[4] the possibility that Pabey made the decision, along with the decision's timing, is sufficient to establish a *prima facie* case. "'When an adverse employment action follows on the close heels of protected expression and the plaintiff can show the person who decided to impose the adverse action knew of the protected conduct, the causation element of the *prima facie* case is typically satisfied.'" *Culver v. Gorman & Co.*, 416 F.3d 540, 546 (7th Cir. 2005) (*quoting* Lalvani v. Cook County, Ill., 269 F.3d 785, 790 (7th Cir. 2001)).[5] For this reason, Defendants have not established that they should be granted a summary judgment because Duwar lacks a *prima facie* case.

Alternatively in their reply, Defendants press the argument made before only in passing, that Duwar lacks any evidence to cast doubt on the legitimacy of the stated

---

[4] Defendants do not contend otherwise, and Pabey admitted in his deposition that he was aware of Duwar's support of Pastrick. Deposition of Mayor George Pabey, Ex. 5, Plaintiff's Appendix of Evidentiary Materials (DE # 32) at 21.

[5] It should be noted that the cited cases were brought under Title VII, which uses a different prima-facie case and burden-shifting approach than does a first amendment case. *See Gooden v. Neal*, 17 F.3d 925, 928 (7th Cir. 1994). Both parties in the present case have relied on Title VII cases to make points regarding the inferences that may be drawn from certain types of evidence, and the court agrees that these analogies are appropriate.

reason for terminating him, the need to make severe budget cuts. Given the scant argument on this issue in Defendants' opening brief, Duwar's response is also quite limited, merely invoking the proposition that "otherwise permissible conduct can become impermissible when done for retaliatory reasons," *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000), and then stating that the evidence as a whole shows that a question of fact exists as to whether Defendants' true reason for terminating his employment was to retaliate against him for his support of Pastrick.

In their Reply, Defendants argue that Duwar's reliance on *Zimmerman* is "misplaced" because the case involved a prisoner's right of access to a law library, not the right of political association, and was an appeal from a dismissal for failure to state a claim under 28 U.S.C. § 1915A, involving a different standard than the court's summary judgment inquiry at present. Reply at 6. While these are no doubt factors that distinguish *Zimmerman* from the present case, they fail to answer the point that the court believes[6] Duwar is trying to make. That point is this: were this case to go to trial, and assuming a jury drew the inferences that Duwar wants from Pabey's alleged statement to Pacurar (i.e., that a motivating factor in his dismissal was his support of Pastrick), then Defendants would have the burden to prove by a preponderance of the evidence that Duwar would have been fired anyway, even in the absence of his support

---

[6] Admittedly, analysis and understanding of the parties' positions on this issue is difficult, for two main reasons. First, the cursory treatment of the issue in Defendants' motion. Second, both parties address the issue as if it were identical to that of pretext in a Title VII case. While the issues are similar, they are not identical. *Gooden v. Neal*, 17 F.3d 925, 928 (7th Cir. 1994).

of Pastrick, for the budgetary reasons they assert. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 576 (1977); *Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004). Because Defendants bear the burden of proof on that issue at trial, to obtain a summary judgment, they have to show that the evidence on the question "is so one-sided no reasonable jury could find" in Duwar's favor. *Branham v. Snow*, 392 F.3d 896, 907 (7th Cir. 2004).

On the record before the court, it does not appear that Defendants' showing is that powerful. Explaining as briefly as is possible, among other reasons there is first the evidence that suggests that Pacurar is being less than truthful when he says that he alone made the decision to terminate Duwar without input from anyone else. As noted in an analogous context, a suspicion of mendacity gives rise to the inference that the reason stated for an action is not the true reason, but instead the impermissible motivation is. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 113 S. Ct. 2742, 2749 (1993).

Second, there is Defendants' somewhat internally-inconsistent explanation of the reasons Pacurar decided to immediately terminate Duwar. On the one hand, Defendants contend it was part of Pacurar's assigned task to slash the payroll budget. On the other hand, Pacurar states that he wanted to get Duwar's salary out of his department's budget, and into the health department's budget, where he felt it belonged. Defendants have not pointed the court to evidence establishing whether existing employees absorbed Duwar's duties—which would support the budget-cutting

9

rationale—or whether a new employee had to be hired to take on those duties, which would not. This is not to say that a decision by Pacurar to make his own budget look good at the expense of others would be unbelievable or would establish Duwar's claim. The point is merely that Defendants haven't shown for summary judgment purposes that the only conclusion that can be drawn is that Duwar was terminated to save the city money.

The court has no reason to doubt the truth of Defendants' assertions that in fact the new administration of Mayor Pabey made, and continues to make, substantial budget cuts, and that may make it extremely difficult for Duwar to convince a jury to find in his favor on his first amendment claim. But on the present record the court cannot say that the evidence is so one-sided that Defendants must prevail. Accordingly, Defendants' motion for summary judgment (DE # 28) is **GRANTED IN PART**, as to Duwar's due process claim, and is otherwise **DENIED**. ,

**SO ORDERED.**

Enter: February 23, 2007

\_\_s/James T. Moody_____  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT